UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| LILIA GOMEZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:09-cv-22148-MGC |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MOTION FOR PERMISSION TO FILE
A UNILATERAL PROPOSED SCHEDULING ORDER**

On April 28, 2010, the Court issued an order directing the parties to meet and file a joint scheduling report and proposed order. (Doc. 11.) The Court's order was clear that "**Unilateral submissions are prohibited**." (Doc. 11, ¶4.A.) Plaintiff's attorney, Robert Ingham, has made no attempt to contact the United States to discuss the preparation of the joint scheduling report and proposed order. In fact, Mr. Ingham has failed to respond to the United States' calls and letters for months.

Mr. Ingham first refused to respond to the United States' attempts to discuss the deficient answer he filed in response to the United States' counterclaim. These deficiencies are described in the United States' motion to deem certain allegations in the answer admitted or alternatively to compel him to file an answer that complies with Fed. R. Civ. Pro. 8. (Doc. 8.)

Next, Mr. Ingham did not respond to the United States' interrogatories and document requests. The United States served these discovery requests in mid-March and responses were

due in mid-April. Mr. Ingham did not make any response to these discovery requests. The United States attempted to confer with Mr. Ingham about his failure to respond to the United States' discovery, but he completely ignored the United States' attempts. These attempts are described further in the United States' motion to compel.[1] (Doc. 12.)

When the Court issued its order on April 28, 2010, the United States had just sent Mr. Ingham a letter on April 26, 2010, asking him to call the United States' counsel to discuss his failure to respond to the United States' discovery requests. Unfortunately, Mr. Ingham did not return that call, and therefore counsel for the United States was unable to discuss the joint scheduling report with him at that time. Counsel for the United States left another voice mail message with Mr. Ingham on May 4, 2010, but Mr. Ingham again did not return the call. Counsel for the United States faxed Mr. Ingham a letter on May 7, 2010 asking him to call counsel for the United States to discuss the joint scheduling report, but Mr. Ingham has not responded to that letter. A copy of the May 4th letter is attached as Exhibit A.

The United States has made diligent attempts to speak with Mr. Ingham throughout the case, but he has not responded to the United States' attempts, including its attempts to discuss the joint scheduling report and proposed order. Therefore, the United States requests that the Court grant it permission to file the attached unilateral proposed scheduling order, which is attached as Exhibit B.

With respect to matters that would normally be discussed at the scheduling conference and included in the report of that meeting, the United States makes the following responses:

---

[1] At the Clerk's request, the United States will be refiling its motion to compel (Doc. 12) and its proposed order granting the motion (Doc. 13) as a single submission, at which time they will be re-docketed with a new document number.

(A)   Settlement is not likely.

(B)   Additional parties are not likely to appear.

(C)   The United States proposes an additional two weeks to add any parties or to amend the pleadings, and an additional eight months to complete discovery.

(D)   At this time, without being able to confer with counsel for Gomez, the United States does not have any proposals for simplification of the issues.

(E)   The United States has filed a motion to deem certain allegations in Gomez's answer to its counterclaim admitted or in the alternative to compel Gomez to file an answer that complies with Fed. R. Civ. Pro. 8.  (Doc. 8.)  Other than this motion, the United States does not believe that amendments to the pleadings are necessary or desirable.

(F)   At this time, without being able to confer with counsel for Gomez, the United States does not know whether it is possible to obtain admissions of fact and of documents so as to streamline authentication or the need for advance rulings on admissibility.

(G)   At this time, without being able to confer with counsel for Gomez, the United States does not have any suggestions to avoid unnecessary proof or cumulative evidence.

(H)   The United States does not have suggestions on the advisability of referring matters to a Magistrate Judge.

(I)   The United States estimates that the trial will last 3-5 days.

(J)   The United States' proposed dates for conferences before trial, the final pretrial

conference and trial are listed in the attachments to this motion.

Additionally, the United States requests that the Court appoint Irwin M. Block, as the mediator for this case. A draft order is attached as part of Exhibit B.

Respectfully submitted,

John A. DiCicco
Acting Assistant Attorney General

/s/ Brian R. Harris
BRIAN R. HARRIS
FL Bar No. 512001
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 14198
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 514-6483
brian.r.harris@usdoj.gov

Of Counsel:

Wifredo A. Ferrer
United States Attorney

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing MOTION FOR PERMISSION TO FILE A UNILATERAL PROPOSED SCHEDULING ORDER was filed with the EM/ECF system on May 12, 2010, which will automatically serve a copy to:

Robert Ingham
Ingham & Associates, P.A.
714 NE 3rd Avenue
Fort Lauderdale, FL 33304

/s/ Brian R. Harris
Trial Attorney, Tax Division
U.S. Department of Justice