UNITES STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-22148-Civ-COOKE/BANDSTRA

LILIA GOMEZ,

    Plaintiff

vs.

UNITED STATES OF AMERICA,

    Defendant.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION
TO DEEM CERTAIN ALLEGATIONS IN THE COUNTERCLAIM ADMITTED**

THIS CASE is before me on Defendant's Motion to Deem Certain Allegations in the United States' Counterclaim Admitted or in the Alternative To Compel an Answer That Complies with Federal Rule of Civil Procedure 8.  I have reviewed the arguments, the complaint, and the relevant legal authorities.  For the reasons explained in this order the Defendant's Motion is granted, in part and denied in part.

**I. BACKGROUND**

The Plaintiff, Lilia Gomez, filed this lawsuit against the United States of America seeking a refund of money that she paid to the Government in the form of penalties assessed against her by the Internal Revenue Service.  (Compl. ¶¶ 3, 7, ECF No. 1).  The United States answered Ms. Gomez's complaint and filed a counterclaim for the penalties that were previously assessed against Ms. Gomez.  (Countercl. ¶ 1, ECF No. 4).  The Plaintiff answered the Government's counterclaim, specifically asserting the following responses:

- "The allegations contained in paragraphs 10, 11, 12, 13, 14, 58, and 61 is a [sic] legal conclusion to which no response is required."  (Ans. to Countercl. ¶ 5, ECF No. 7).

- "In answer to allegations [sic] of paragraphs 7, 45, 46, 47, 48, 51, 52, 54, and 55 Counterclaim Defendant admits that pubic [sic] recorded documents filed in another proceeding in this district speak for themselves.  Counterclaim Defendant denies any and all other characterizations, averments, allegations and legal conclusions contained in paragraphs 45, 46, 47, 48, 51, 52, 54, and 55 to the extent that any response is required."  (Ans. to Countercl. ¶ 10, ECF No. 7).

- "In answer to allegations [sic] of paragraph 57, Counterclaim Defendant admits that the May 25, 2007 notice of assessment sent by Revenue Agent Joanne Levitt speaks for itself, but denies any and all liability and any and all penalties."  (Ans. to Countercl. ¶ 12, ECF No. 7).

The United States argues that the Plaintiff's responses to paragraphs 7, 10-14, 45-48, 51-52, 54-55, 57, 58, and 61, are legally insufficient and inconsistent with Federal of Civil Procedure 8.  The United States asks that the Plaintiff's responses to these paragraphs be deemed admitted, or in the alternative that the Plaintiff be required to file an answer to these paragraphs that comports with Rule 8.  (Mot. to Deem Allegations Admitted 7, ECF No. 8).  Ms. Gomez has not filed a response to United States' Motion.

## II.  LEGAL STANDARDS

The Federal Rules of Civil Procedure allow for only one of three possible responses to a pleading: 1) admit the allegation, 2) deny the allegation, or 3) state that the responding party "lacks knowledge or information sufficient to form a belief about the truth of an allegation."  Fed. R. Civ. P. 8(b)(1) & 8(b)(5); *see also Thompson v. Ret. Plan for Emps. of S.C. Johnson & Sons*, Nos. 07-1047, 08-0245, 2008 WL 5377712, at *1 (E.D. Wis. Dec. 22, 2008).  A response that fails to answer an allegation because the allegation "states a legal conclusion" or because a document "speaks for itself" is impermissible under the plain language of Rule 8(b).  *State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 278-79 (N.D. Ill. 2001).  "[A]n allegation – other than the one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."  Fed. R. Civ. P. 8(b)(6).

2

### III. DISCUSSION

The Plaintiff has not denied the allegations contained in paragraphs 10, 11, 12, 13, 14, 58, and 61 of the United States' counterclaim.  Instead the Plaintiff responded to these paragraphs with the impermissible "states a legal conclusion" retort.  Pursuant to Rule 8(b)(6), since these allegations required a responsive pleading and were not denied, they are deemed admitted.  *See Riley*, 199 F.R.D. at 278.

Responding to the allegations contained in paragraphs 7, 45, 46, 47, 48, 51, 52, 54, and 55 of the United States' counterclaim, the Plaintiff first invokes the impermissible response, that the documents "speak for themselves;" however, the Plaintiff goes on to deny "any and all other characterizations, averments, allegations and legal conclusions contained in paragraphs 45, 46, 47, 48, 51, 52, 54, and 55."  (Ans. to Countercl. ¶ 10, ECF No. 7).  The Plaintiff has properly responded to these paragraphs by denying the allegations.  Similarly, with respect to paragraph 57 of the United States' counterclaim, the Plaintiff starts off improperly by noting that the document "speaks for itself," but then goes on to deny "any and all liability and any and all penalties."  The Plaintiff has thus denied the allegations in paragraph 57.

### IV. CONCLUSION

For the reasons explained in this order, it is **ORDERED and ADJUDGED** that the Defendant's Motion to Deem Certain Allegations in the United States' Counterclaim Admitted or in the Alternative To Compel an Answer That Complies with Federal Rule of Civil Procedure 8 (ECF No. 8) is **GRANTED in part and DENIED in part**, as follows:

1. Since a response was required with respect to paragraphs 10, 11, 12, 13, 14, 58, and 61 of the United States' counterclaim, and because the Plaintiff did not admit, deny, or state that she was without sufficient knowledge or information to form a belief, the allegations contained in

paragraphs 10, 11, 12, 13, 14, 58, and 61 of the United States' counterclaim are deemed admitted.

2. The Plaintiff has denied the allegations contained in paragraphs 7, 45, 46, 47, 48, 51, 52, 54, 55, and 57. These allegations will not be deemed admitted.

**DONE and ORDERED** in chambers, at Miami, Florida, this 28th day of September 2010.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*